UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARLEEN SUNG,<br><br>       Plaintiff,<br><br>v.<br><br>ANGELA BUSSIO, et al.,<br><br>       Defendants. | Case No. C-13-01786-RMW<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT, RESCHEDULING HEARING, AND REQUIRING DEFENDANTS TO REVISE THEIR SECOND MOTION TO DISMISS**<br><br>[Re Docket Nos. 14, 30, 32] |

On April 19, 2013, plaintiff filed a complaint against defendants contending defendants' businesses were in violation of the Racketeer Influenced and Corrupt Organizations Act, California's Unfair Competition Law, and common law fraud and conversion. On July 5, 2013, defendants moved to dismiss. On July 26, 2013, plaintiff filed and served an amended complaint pursuant to Federal Rule 15(a)(1).

Defendants urge the court to consider their original motion to dismiss applicable to the amended complaint. However, an "amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011) (quoting *Forsyth v. Humana, Inc.,* 114 F.3d 1467, 1474 (9th Cir. 2007)). The serving of an amended complaint moots a motion to dismiss directed to the original complaint. *See Bender v. LG*

*Electronics U.S.A., Inc.*, No. C 09-02114 JF PVT, 2009 WL 4730900 (N.D. Cal. Dec. 7, 2009). Because plaintiff served the amended complaint after defendants filed their motion to dismiss the original complaint, defendants' first motion to dismiss is moot.

Furthermore, to the extent that defendants urge that its original motion to dismiss "should be considered directed to the Amended Complaint," the court notes that the paragraph numbering appears to be different between the two complaints,[1] and thus following defendants' arguments based upon citations to the original complaint will be difficult and unnecessarily time consuming. Presumably, the content of the complaint has changed as well and considering arguments that do not address all of the allegations wastes the court's time.

**ORDER**

For the foregoing reasons, the court finds defendants' first motion to dismiss, Dkt. No. 14, moot. The court similarly finds defendants' motion to strike, Dkt. No. 30, moot to the extent it is directed towards plaintiff's filings in opposition to the original motion to dismiss. Accordingly, the court vacates the August 30, 2013 hearing on the motion to dismiss and the motion to strike. The hearing on defendants' motion to dismiss and the still relevant portions of the motion to strike are rescheduled to September 27, 2013.

Furthermore, because there is an amended complaint, defendants' motion to dismiss should cite to it and not merely refer the court back to the original 48 page motion to dismiss, which contains citations to a now legally meaningless document. Therefore, the court also vacates defendants' second motion to dismiss, Dkt. No. 32, and orders defendants to re-file a new version of the motion by September 5, 2013, in compliance with the local rules, including the page limitations, and with citations to the operative complaint. Plaintiff's opposition is due by September 16, 2013, and any reply is due by September 20, 2013.

Dated: August 29, 2013

Ronald M. Whyte
United States District Judge

---

[1] Plaintiffs still have not filed a copy of the original complaint as ordered.

ORDER
Case No. C-13-01786-RMW
SW
- 2 -