UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARLEEN SUNG, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ANGELA BUSSIO, et. al.,<br><br>Defendants. | Case No. 5:13-cv-01786-RMW<br><br>**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S RICO CLAIM; DENYING MOTIONS TO DISMISS FOR LACK OF JURISDICTION AND IMPROPER VENUE; DENYING MOTION TO TRANSFER OR COMPEL ARBITRATION; AND GRANTING-IN-PART AND DENYING-IN-PART MOTIONS TO STRIKE**<br><br>[Re Docket No. 30, 37, 48] |

Defendants Angela Bussio, Novus North, LLC, Phillip Edward Gannuscia, Richard Scott Nemrow, Jeffrey Nicol, Jessica Bjarnson and Sklyer Boyd Jarman (collectively "defendants") move to dismiss Arleen Sung's amended class action complaint for lack of personal jurisdiction, improper venue. They also move to dismiss her RICO claim, but do not move to dismiss Sung's other causes of action. In the alternative, the defendants also move to transfer the action to Utah or compel arbitration. As explained below, the court grants defendants' motion to dismiss the RICO claim with leave to amend, but otherwise denies the motions to dismiss, transfer, and compel arbitration.

## I. BACKGROUND

On April 12, 2012, Sung saw an advertisement on the internet for a work-at-home financial opportunity from Angela Bussio for the Profit Masters Academy. First Am. Compl. ("FAC") ¶ 2,

Dkt. No. 24. Sung followed-up on that advertisement and signed up for the Profit Masters Academy by paying $97. FAC ¶ 39. After that, she received a message from the defendants directing her to call them. When she did, they pitched her allegedly bogus online businesses opportunity investment programs. FAC ¶ 42. Sung alleges that she invested $6,695 in one of these bogus online business opportunities and defendants have refused to refund her money. FAC ¶ 44.

Sung implies that all of the defendants were involved in the alleged work-at-home and online business opportunity investment schemes, but it is not clear from the amended complaint exactly how they were each involved. Sung does clearly allege that each of the individual defendants is a citizen of Utah and that Novus North's principal place of business is Utah. FAC ¶¶ 60-63.

On April 19, 2013, Sung filed a class action complaint relating to defendants' alleged work-at-home scheme. Dkt. No. 1. Sung filed an amended complaint on July 26, 2013. Dkt. No. 24. She brings claims for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), unfair competition, and common law fraud and conversion. FAC. On September 5, 2013, Defendants' filed the motions at issue in this order. Dkt. No. 37.

## II. ANALYSIS

Defendants move this court to dismiss Sung's claims for lack of personal jurisdiction AND improper venue. They also move under Rule 12(b)(6) to dismiss her RICO claim. Defendants also argue, in the alternative, that the court should transfer the case to Utah because it is more convenient and compel arbitration. The court addresses each of these issues below.

### A. Personal Jurisdiction

Defendants move to dismiss under Rule 12(b)(2) for lack of personal jurisdiction. Although the plaintiff bears the burden of demonstrating jurisdiction, he "need only demonstrate facts that if true would support jurisdiction over the defendant." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). "There are two limitations on a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process." *Sher v. Johnson*, 911 F.2d 1357, 1360 (9th Cir. 1990). California's statutory

limitation is coextensive with the outer limits of due process. *See id.* at 1361; Cal. Code. Civ. Proc. § 410.10.

Due process permits jurisdiction if a court has either general or specific jurisdiction over a nonresident defendant. *See Sher*, 911 F.2d at 1361. "General jurisdiction applies where a defendant's activities in the state are 'substantial' or 'continuous and systematic,' even if the cause of action is unrelated to those activities. Where general jurisdiction is inappropriate, a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause of action." *Id.* (internal citations omitted).

### 1. General personal jurisdiction

Sung has failed to adequately allege general personal jurisdiction. For this court to exercise general personal jurisdiction, the defendants' activities in this forum have to be substantial, continuous, and systematic. *See Goodyear Dunlop Tires Operation, S.A. v. Brown*, 131 S. Ct. 2846, 2853 (2011). "The standard for general jurisdiction is high; contacts with a state must 'approximate physical presence.'" *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006) (quoting *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)).

Defendants' contacts do not meet this high standard. They have no physical presence in California. The only allegations Sung makes is that they have business partners in the Northern District, advertise in the Northern District, and have a few customers in the Northern District, which is not enough to approximate a physical presence. *See CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1066 (9th Cir. 2011) (finding no general personal jurisdiction despite the defendant having paying customers in the forum state, marketing services in the forum state, and maintaining a highly interactive website); *Bancroft & Masters*, 223 F.3d at 1086 (finding that no general personal jurisdiction over a business that only made occasional unsolicited sales of tickets and merchandise to California residents, had a passive website, and had license agreements with California television networks and vendors) *modified as to another holding by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199 (9th Cir. 2006).

### 2. Specific personal jurisdiction

Defendants also argue that this court lacks specific personal jurisdiction. A court may exercise specific personal jurisdiction over a nonresident defendant when the suit "arises out of or relates to actions by the defendant himself that are purposefully directed toward forum residents, and where jurisdiction would not otherwise offend 'fair play and substantial justice.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (internal quotes and italics omitted). This circuit uses the following three-prong test to determine specific personal jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

*CollegeSource*, 653 F.3d at 1076. Sung must satisfy the first two prongs and if she does, then defendants bear the burden of establishing a compelling case that the exercise of jurisdiction is unreasonable. *See id.* Defendants only attack the first and third prongs, arguing that they did not purposefully direct their activities at the forum and that the exercise of jurisdiction is not reasonable.

#### a. Purposefully direct

In tort and tort-like cases, courts typically apply the effects test to determine whether a defendant's activities were purposefully directed at the forum state. *See Yahoo!*, 433 F.3d at 1206. The effects test is based on the Court's holding in *Calder v. Jones*, 465 U.S. 783 (1984)) and requires that the defendant have

> (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.

*Yahoo!*, 433 F.3d at 1206. The "expressly aiming" requirement is satisfied if "the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." *Id.* at 1125 (quoting *Bancroft & Masters*, 223 F.3d at 1087).

Here, Sung has adequately alleged facts establishing that defendants' actions were purposefully directed at the forum. First, Sung alleges that defendants' advertisements were

ORDER RE MTD
Case No. C-13-01786-RMW
AAB/SW
- 4 -

generally directed at people on the internet including those in the Northern District. FAC ¶¶ 2-3. Second, she alleges that defendants' advertisements included testimonials of California residents. FAC Ex. A, Dkt. No. 25. Third, she alleges that defendants conducted business with her while she resided in California. FAC ¶ 39. Because she alleges that all of this was done knowingly, the court finds that the defendants' purposefully directed activities at California.

Defendants argue that *Cybersell v. Cybersell* should control. 130 F.3d 414 (9th Cir. 1997). In *Cybersell*, the Ninth Circuit found no personal jurisdiction where the homepage of a Florida company contained an allegedly infringing service mark of an Arizona company that sued in federal district court in Arizona. *Id.* The webpage at issue in *Cybersell* was passive and only displayed the mark. More importantly, unlike here, the defendant was not alleged to have conducted any commercial activity in the forum state. *Id.* at 420.

### b. Reasonableness

To be reasonable, the exercise of personal jurisdiction "must comport with 'fair play and substantial justice.'" *Panavision*, 141 F.3d at 1322 (quoting *Burger King*, 471 U.S. at 476). The burden is on defendants to "present a compelling case" that jurisdiction would be unreasonable. *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007). Courts can consider a variety of factors to determine reasonableness.[1] *See Yahoo!*, 379 F.3d at 1136. Jurisdiction is presumed reasonable when, as here, the defendant directed his activities at the forum. *See Sher*, 911 F.2d at 1364. Here, defendants choose to conduct business in this forum, this forum has an interest in hearing the dispute as one of its citizens was allegedly injured, and the suit is based on the laws of this forum. Accordingly, jurisdiction is reasonable.

### B. Venue

Defendants also argue that venue is improper because most of the acts plaintiff alleges occurred in Utah. Venue is proper where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28

---

[1] The factors include: "(1) the extent of the defendant's purposeful availment; (2) the burden on the defendant to litigate in the forum; (3) the extent of conflict with the defendant's sovereign state; (4) the forum's interest in hearing the dispute; (5) the most efficient resolution of the controversy; (6) importance to the plaintiff for convenient forum and effective relief; and (7) the existence of an alternative forum." *Yahoo!*, 379 F.3d at 1136 (adopting *Panavision's* reasonableness test).

U.S.C. § 1391(b)(2). In tort and tort-like actions, the location where the plaintiff felt the injury is generally a proper venue. *See Myers v. Bennett Law Offices,* 238 F.3d 1068, 1076 (9th Cir. 2001). Here, Sung suffered monetary loss in the Northern District of California and thus this is an appropriate venue.

### C. Failure To State A Claim

Defendants argue that Sung has failed to state a RICO claim under Federal Rule of Civil Procedure 12(b)(6), but they do not move to dismiss any of Sung's other causes of action. To survive a motion to dismiss, a plaintiff's complaint must make "factual allegations [that are sufficient] to raise a right to relief above a speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). On a motion to dismiss, a court must take all of the factual allegations in a complaint as true, but the court need not accept as true "[t]hreadbare recitals of the elements of a cause of action," or legal conclusions presented as facts. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009).

Sung claims that the defendants engaged in a pattern of racketeering activity or conspired to do so in violation of 18 U.S.C. § 1692(c) and (d).[2] To state a claim under section 1962(c), a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Odom v. Microsoft Corp.*, 486 F.3d 541, 547 (9th Cir. 2007). A "pattern of racketeering activity" is two or more acts, which as set forth in section 1961(1). 18 U.S.C. § 1961(1), (5). Plaintiff has alleged that defendants engaged in wire fraud, which is a predicate act of racketeering activity. *See* § 1961(1); FAC ¶ 25-27. To allege a wire fraud violation, a plaintiff must show: "(1) the defendants formed a scheme or artifice to defraud; (2) the defendants used the United States wires or caused a use of the United States wires in furtherance of the scheme; and (3) the defendants did so with the specific intent to deceive or defraud." *Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1400 (9th Cir.1986); *see* 18 U.S.C. § 1343. Because wire fraud is based on fraud, a plaintiff must allege the violation with specificity as required by Rule 9(b). *See*

---

[2] Subsection (d) makes it an offense to conspire to violate any of the other subsections of RICO. Although not entirely clear, the court assumes that in claiming defendants violated subsections (c) and (d), Sung intended her claim under subsection (d) to be based on a conspiracy to violate subsection (c).

*id.* at 1400-01.  Thus, a plaintiff must state the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Id*.

Although Sung has extensively quoted websites and made some allegations about the defendants' roles, she fails to plead adequately her RICO claim.  First, it is unclear which website or websites contain the language that Sung quotes in her complaint.  *See, e.g.,* FAC ¶ 5.  Second, Sung fails to allege who created and owns these specific websites and who is responsible for creating and placing content on them.  Third, Sung fails to allege how the quoted websites relate to her injury and claims.  *See* FAC ¶ 39-44.  Fourth, the amended complaint fails to specify, which statements on the websites are false and how Sung relied on them.  For example in paragraph 39 Sung alleges that she was induced to pay $97 based upon "false advertising and statements" described "above."  *See also* FAC ¶ 100.  The complaint describes many "statements above" so, Sung must be more specific as to which of the "statements above" form the basis of her claim.  Fifth, Sung fails to explain how each defendant was involved in her injury.

Further, to be liable under subsection (c), every defendant must have "participated in the operation or management" of the illegal enterprise.  *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993); 18 U.S.C. § 1962(c).  Sung does not adequately allege that all of the defendants participated in managing an illegal enterprise.  In fact, the exact role of each defendant in the scheme that harmed Sung as well as the defendants' relationships with each other with respect to the scheme is not sufficiently alleged.  For example, Nicol is mentioned in only four paragraphs of the amended complaint and the only substantive allegations are that he "direct[s] operations directed toward California make bogus OBO sales and saves from consumers in California as represented above" [sic] and that he "runs a a [sic] 'boiler room' sales floor."  FAC ¶¶ 62, 77.  These allegations do not sufficiently establish how his activities relate to the alleged conspiracy, how he injured Sung, how he was related to the other defendants, what operations he was directing, or even what he was selling.  The allegations related to Jarman, Nemrow, Bjarnson, and Novus North are similarly vague.  The allegations relating to Gannuscia and Bussio, although more extensive, still do not adequately allege what they did to injure Sung and how they are involved with the other defendants.

1    Defendants also argue that Sung has failed to allege a pattern of racketeering activity, which requires two or more related and continuous acts. 18 U.S.C. § 1961(5); *see Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995); *United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 360-61 (9th Cir. 1988). Sung has not alleged two or more acts with sufficient specificity. She suggests that the Utah Consumer Protection Division Citation may form the basis for her allegation of more than one related act, but she does not clearly allege in her amended complaint what these acts were. *See* FAC ¶ 94.[3]

Accordingly, the court dismisses Sung's RICO claim.

**D. Transfer**

The defendants also move this court to transfer the case to Utah where all of the defendants are citizens. A district court "may transfer any civil action to any other district or division where it might have been brought" for the "convenience of the parties and witnesses [and] in the interest of justice." 28 U.S.C. § 1404(a). Sung could have brought this case in Utah and thus the only issue is whether the court should transfer the case based upon convenience and fairness. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-499 (9th Cir. 2000).

In determining fairness, the plaintiff's choice of forum is usually given significant weight, such that the "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice" of forum. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see Carolina Cas. Co. v. Data Broad. Corp.*, 158 F. Supp. 2d 1044, 1048 (N.D. Cal. 2001). In considering convenience, the convenience of non-party witnesses is more important than the convenience of the parties. *See Clark v. Sprint Spectrum L.P.*, Case No. C 10-03625 SI, 2010 WL 5173872 (N.D. Cal. Dec. 15, 2010).

Defendants' motion focuses primarily on convenience to themselves, which is generally less important and unlikely to outweigh a plaintiff's choice of forum. They also argue that most of the relevant documents are in Utah, but with electronic discovery, the difficulty of transporting documents from one forum to another is minimal. *See Vitria Tech., Inc. v. Cincinnati Ins. Co.*, No. C 05-01951 JW, 2005 WL 2431192 (N.D. Cal. Sept. 30, 2005). Based on the arguments, the court

---

[3] Parts of the amended complaint indicate that Exhibit A should contain the Citation, *see* FAC ¶ 94, but Exhibit A appears to be testimonials of satisfied customers instead. *See* Dkt. No. 25.

ORDER RE MTD
Case No. C-13-01786-RMW
AAB/SW

- 8 -

denies the motion. Parties must also support motions to transfer with proper evidence establishing the factual basis their arguments. *See id.* Because neither party has provided any declarations providing factual support for its position, the court denies the motion, but without prejudice.

### E. Arbitration

Defendants also move to compel arbitration based upon a software support user agreement allegedly agreed to on August 21, 2012. Def.'s Br. 7, Dkt. No. 37. Defendants claim that the parties agreed that in "the event of any dispute, claim, question, or disagreement arising from or relating to this agreement" the parties will, in good faith, try to resolve the dispute for sixty days and if they fail, then the dispute will be settled by the American Arbitration Association in Salt Lake City. *See* eCommerce Support User Agreement, Dkt. No. 37-1.

Based on the available evidence, the court cannot determine if a valid agreement to arbitrate exists. Exhibit 1 to defendants' motion contains the alleged agreement. *See* Dkt. No. 37-1. First, Defendants have not filed a declaration authenticating it or explaining how Sung came to agree to it. *See* Dkt. No. 37; L.R. 7-5. The only explanation of the agreement is in the statement of facts in defendants' briefing. *See* Def.'s Br. 7, Dkt. No. 37. Second, Sung also disputes its accuracy. She declares that she did not sign the user agreement and did not agree to arbitrate her dispute. Sung Decl. ¶¶ 7-8. Sung also contends that her claims are based on actions that happened before the date she allegedly signed the agreement and thus it does not apply.

Accordingly, the court denies the motion to enforce arbitration, but without prejudice.

### F. Motions to Strike

The defendants have filed two motions to strike. *See* Dkt. Nos. 30, 48. The first motion to strike is moot because it relates to the prior motion to dismiss. The court grants the second motion to strike the Declaration of Mark Lavery because Sung did not file an opposition.

The court independently notes that the amended complaint contains immaterial matter that is not necessary to plead a claim for relief. Quotations from websites not related to Sung's claim for injury are inappropriate. To the extent these websites contain relevant factual information, Sung need only allege the facts that set forth a proper claim. The details of the Utah Consumer Protection

and FTC investigations are not necessary for Sung's claims. The complaint should only contain allegations supporting the claims asserted by Sung and the purported class.

### III. ORDER

The court grants defendants' motion to dismiss Sung's RICO cause of action for failure to state a claim, without prejudice. The court otherwise denies the motion to dismiss. The court also denies the motions to transfer and compel arbitration, both without prejudice. The court grants defendants motion to strike the Declaration of Mark Lavery. The court denies the other motion to strike.

Plaintiff must file any amended complaint by December 19, 2013.

Dated: November 19, 2013

/s/ Ronald M. Whyte

Ronald M. Whyte
United States District Judge

ORDER RE MTD
Case No. C-13-01786-RMW
AAB/SW

- 10 -